UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-91-KAC-DCP |
| | ) | |
| MARKEIUS JAMON CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Markeius Jamon Campbell's Unopposed Motion to Continue All Deadlines and Trial [Doc. 18], filed on September 23, 2025.

Defendant requests the Court to continue the relevant deadlines and the trial date, set for October 28, 2025 [*Id.*]. In support of this motion, Defendant states he had his initial appearance on August 21, 2025, and was appointed counsel [*Id.* ¶ 1]. Defendant's counsel has met with Defendant, who is in custody, and is requesting additional time to research legal issues [*Id.* ¶ 2]. Defendant's counsel is in good communication with the Government regarding this case and will continue to work to reach a resolution in this matter [*Id.* ¶ 3]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 5]. The Government does not oppose the request for a continuance [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs more time to conduct legal research, discuss a potential plea agreement with Defendant, and otherwise prepare for trial. The Court finds that all of this cannot occur before the October 28, 2025 trial date.

The Court therefore **GRANTS** Defendant Markeius Jamon Campbell's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 18**]. The trial of this case is reset to **January 27, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 23, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Markeius Jamon Campbell's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 18**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 27, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 23, 2025**, and the new trial date of **January 27, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 29, 2025**;

(5) the deadline for filing motions *in limine* is **January 12, 2026**. Responses to motions *in limine* are due on or before **January 20, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 13, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 16, 2026.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge